IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLAYBON McGLORY,

        Plaintiff,

   vs.                     CIVIL ACTION
                              No. 05-3487-SAC

VANDORA WILSON, et al.,

        Defendants.


**ORDER**

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner at the Shawnee County Jail, Topeka, Kansas.[1]

By an order entered on January 10, 2006, the court directed plaintiff to supply the court with a certified copy of his institutional financial record for the six months preceding the filing of this action. Plaintiff has supplied that information (Doc. 6). Because plaintiff's account reflects a negative balance, the court does not impose an initial partial filing fee and grants leave to proceed in

---

[1] Plaintiff has notified the clerk of the court of his release from custody.

forma pauperis.

Plaintiff claims that during his incarceration in the custody of Shawnee County, Kansas, authorities, he was subjected to cruel and unusual punishment and medical malpractice.

**Background**

The complaint alleges the following claims:

Plaintiff states that upon his booking into the Shawnee County Jail, he complained of pain and swelling in his lower left leg. He was assigned to a top bunk on the top tier and complains that he had to sleep on the floor.

Plaintiff requested to see a physician on December 11, 2005, and was not seen until December 13, 2005.

Plaintiff received aspirin for three days and was advised that he need approval from a physician for a lower tier assignment and an elastic wrap bandage for his leg. He received this approval on December 21, 2005. He states he did not receive the bandage for eight days.

### Discussion

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged depriva-

2

tion was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992).  A complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction.  See Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curiam).  However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf".  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir.1997).  Accordingly, such a complaint may be dismissed upon initial review if the claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. 1915(e).

"A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005).  A claim of deliberate indifference has both subjective and objective components. Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005).  First, the deprivation must be "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Next, the

plaintiff must show that the responsible prison officials knew of and disregarded an excessive risk to the prisoner's health or safety.  Farmer, 511 U.S. at 837.

The facts alleged by the plaintiff do not support a claim of constitutional dimension.  Plaintiff has not alleged that he suffered more than discomfort during the few days he contends he was not provided with an elastic bandage and was not assigned to a lower bunk.  Claims alleging mere discomfort which does not result in a risk to health and safety do not state a claim for relief under the Eighth Amendment.  See Hudson v. McMillian, 503 U.S. 1, 9 (1992).

Finally, to the extent plaintiff alleges medical malpractice as an independent claim, he fails to state a claim for relief.  Medical malpractice does not violate the Constitution.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Plaintiff's allegations may state a claim for relief under state law, and the court's dismissal of this claim does not prevent him from pursuing relief in the state courts.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim for relief. 28 U.S.C. §

4

1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED plaintiff's motions for discovery (Doc. 3) and for relief (Doc. 4) are denied as moot.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 28th day of February, 2006.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        United States Senior District Judge